UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nikki Nicole Thomas, # 15276-171 ) | C/A No. 6:10-3270-RMG-KFM |
| Plaintiff, ) | |
| vs. ) | **Report and Recommendation** |
| Anderson City Jail, ) | |
| Defendant. ) | |

Plaintiff, a pretrial detainee in the Anderson City Jail (ACJ) in Anderson, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this action naming "Anderson City Jail" as the only Defendant in her Complaint, which is liberally construed as an attempt to assert a claim for damages and injunctive relief under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need.[1] However, because the Anderson City Jail is not "a person acting under color of state law" and therefore not amenable to suit under § 1983, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a claim for which this Court can grant relief.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

*PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Plaintiff's Complaint alleges that she has not been given insulin for her diabetes because ACJ's medical staff determined at her initial medical screening that she did not need it. Plaintiff alleges that her blood sugar has been checked only three times in the 58 days that she has been at ACJ. Plaintiff alleges that, when a test performed by "Nurse Ms Angela" shortly after Plaintiff's arrival showed that her blood sugar level was 82, "they

2

decided then that i was not getting approve for insulin." (ECF No. 1, p. 3). After three or four days, Plaintiff "put in a sick call" and didn't get seen at that time. She alleges that "about 2 weeks went by and i got sick well i put another sick call in well they finally seen me and still decline me of insulin." (ECF No. 1, p. 3). Plaintiff alleges that she then told the medical staff that her fingernails and toenails were black and "i was told by the doctor that i was trumatize[d] from biting them so i start crying asking them can i go to the hospital to get checked and i was told that if the doctor says im fine then im fine because he wouldn't lie about my health." (ECF No. 1, p. 3). Plaintiff alleges that she then "write and ask what happen to my meter are the meter i could check my sugar with and i got no respond but was call a week later to get it check it was 97, so no i don't get approve for insulin this time either." (ECF No. 1, p. 3-4). Plaintiff alleges:

> [R]eally they don't know wether i needed insulin are not i laid in Room 12 [for] 3 days sick couldn't move from being weak so the lady's here house with me start knocking telling the officer that i was sick and i needed to see some one he called every body he could and i was told no i couldn't go to the hospital and nurse wouldn't be in until 8:00 a.m. that morning so try to hold off until then so that morning i ask the officer that brought the trays can i see the doctor she said yes when i pass out the trays and that's at 6:00 a.m. well i waited until 8:00 a.m. and ask again and i was told ok still no nurse was called nor did i see one. I wrote the nurse again and was decline again so i stop writing and gave it to god and i been alright thanks to Him but i laid up there and suffe[re]d 3 days without any help and all the ladys here can back me up on this i promise i wouldn't lie.

(ECF No. 1, p. 4). Plaintiff requests a "full investigation of the medical practices of ACDC. I would like for medical services to be more access[i]ble to those in need. I would like to be compensated for all the pain, suffering, and humiliation I have endured. I also would like for all my medical bills concerning my problem to be paid by ACDC." (ECF No. 1, p. 5).

3

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

The Anderson City Jail is a building or a facility. Inanimate objects such as buildings, facilities, and grounds do not act under color of state law. Hence, the Anderson City Jail is not a "person" subject to suit under 42 U.S.C. § 1983.

Moreover, even if Plaintiff had named a proper person as a defendant in this action, Plaintiff's allegations fail to state a plausible claim of a constitutional violation under § 1983 that ACJ staff members were deliberately indifferent to a serious medical need of Plaintiff. With respect to medical care, a prisoner seeking compensation in a case brought under 42 U.S.C. § 1983 "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The United States Supreme Court pointed out that "not every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988); *cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994)(collecting cases).

Under *Estelle*, the failure of prison officials to take an inmate to outside hospitals or physicians as quickly as the inmate might have desired and any negligence or possible

5

malpractice that might have occurred while the medical personnel were attempting to treat the inmate's medical problem do not rise to the level of compensable constitutional violations because the conduct does not amount to deliberate indifference constituting unnecessary and wanton infliction of pain. *Estelle*, 429 U.S. at 104-05. *See Walker v. Peters*, 863 F. Supp. 671 (N.D. Ill.1994) (under *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice.") At most, the ACJ's medical staff's actions in this case might arguably constitute a sufficient basis on which to bring a negligence or malpractice case, which is not cognizable under § 1983. *Estelle*, 429 U.S. at 106. No facts showing medical indifference or a constitutional violation have been alleged. *See Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Also, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *See, e.g., Brooks v. Celeste*, 39 F.3d 125 (6th Cir.1994)(Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise."). The information in Plaintiff's Complaint does not set forth a plausible claim of constitutionally inadequate medical care.

### RECOMMENDATION

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

                                                s/Kevin F. McDonald
                                                United States Magistrate Judge

January 19, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).