IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nikki Nicole Thomas, | ) | Civil Action No. 6:10-3270-RMG-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Anderson City Jail, | ) | |
| | ) | |
| Defendant. | ) | |

In this *pro se* action Plaintiff alleges that Defendants violated § 1983 because they failed to provide her with insulin and proper medical care for diabetes. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff files this action *in forma poperis* and thus the action is subject to review pursuant to 28 U.S.C §1915 (e)(2)(B). The Magistrate Judge has issued a Report and Recommendation that Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a claim for which this Court can grant relief. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if she failed to do so. Plaintiff has failed to object to the Report and Recommendation.[1] As explained herein, this Court agrees with the Report and Recommendation and dismisses Plaintiff's Complaint.

---

[1] It would appear that Plaintiff has failed to comply with this Court's directives to provide a proper address in order to receive communications from the Court. (*See* Dkt. Nos.17, 18, & 19).

1

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court has reviewed this matter for any clear errors of law and has found none. First, it is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." The Anderson City Jail is an inanimate object that can not act under color of state law and therefore is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294,1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46,48 (4th Cir. 1996). Therefore, the Anderson City Jail is not a "person" liable for §1983 violations. Next, even if the Plaintiff did name a proper Defendant,

2

Plaintiff has offered no evidence sufficient to create a genuine issue of fact as to whether the named Defendant was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)."Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988); *cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994)(collecting cases). At most, the ACJ's medical staff's actions in this case might arguably constitute a sufficient basis on which to bring a negligence or malpractice case, which is not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (applying *Daniels* and *Ruefly*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").

Based on the above authority and the Record in this matter, the Court finds no error of law made in the Magistrate's Report and Recommendation. Thus, this Court dismisses Plaintiff's Complaint.

## CONCLUSION

After a thorough review of the Record, Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation and **dismisses** Plaintiff's Complaint without prejudice and without issuance and service of process.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

February 8, 2011
Charleston, South Carolina

4